IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Brenda Denise Rivers,  )
                       )
         Plaintiff,    )
                       )  Civil Action No. 9:10-1654-SB
v.                     )
                       )
Bank of America,       )  **ORDER**
                       )
         Defendant.    )
_____)

This matter is before the Court upon pro se Plaintiff Brenda Denise Rivers' complaint, wherein she alleges employment discrimination based on her race (African-American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e17, as well as a state law claim for defamation. Both parties filed motions for summary judgment, and, pursuant to local rule, the matter was referred to a United States Magistrate Judge for preliminary determinations.

In accordance with 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Bristow Marchant entered a report and recommendation ("R&R") analyzing the parties' motions and recommending that the Court deny the Plaintiff's motion and grant the Defendant's motion. Specifically, the Magistrate Judge determined that the Plaintiff failed to present evidence—either direct or indirect—to support her claim that she was denied a promotion to Assistant Manager because of her race or to support her claim that she was terminated because of her race.[1]



---

[1] The Magistrate Judge analyzed the Plaintiff's claims under the three-part McDonnell Douglas formula, which can be summarized as follows: (1) first, a plaintiff must establish a prima facie case of discrimination; (2) second, if a plaintiff establishes a prima facie case of discrimination, then the burden shifts to the defendant to show a legitimate,

First, with respect to the Plaintiff's failure to promote claim, the Magistrate Judge noted that although the Plaintiff is a member of a protected class, she failed to present evidence to show (1) that she actually applied for the position of Assistant Manager; (2) that she was qualified for the position; or (3) that the woman who was promoted was less qualified. In addition, the Magistrate Judge noted that the Plaintiff failed to present evidence to contest the Defendant's evidence, which showed that the Plaintiff was offered the opportunity to move to a larger banking center to gain the experience necessary for the promotion. Based on the foregoing, the Magistrate Judge determined that the Plaintiff failed to establish a prima facie claim with respect to her failure to promote claim.

Next, with respect to her termination, the Magistrate Judge determined that although the Plaintiff is a member of a protected class who suffered an adverse employment action when she was terminated, she failed to present evidence to dispute the evidence put forth by the Defendant regarding the reason for the Plaintiff's termination. Specifically, as the Magistrate Judge noted, the evidence put forth by the Defendant (and, indeed, even some

---

nondiscriminatory reason for the complained-of actions; and (3) finally, if the defendant shows a legitimate, nondiscriminatory reason, then the burden shifts back to the plaintiff to provide evidence that the defendant's reason is a mere pretext for discriminatory motives. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Moreover, as the Magistrate Judge noted, to meet the first prong of the McDonnell Douglas formula and establish a prima facie case of discrimination, the Plaintiff must show (1) that she is a member of a protected class; (2) that she was performing her job satisfactorily; (3) that she was subjected to an adverse employment action; and (4) that other employees who were not members of her protected class were treated more favorably, or that there is some other evidence of unlawful discrimination. With respect to her failure to promote claim, to establish a prima facie case, the Plaintiff must show: (1) that she is a member of a protected class; (2) that she applied for the position in question; (3) that she was qualified for the position; and (4) that the Defendant rejected her application under circumstances giving rise to unlawful discrimination. See Evans v. Techs. Application & Serv. Co., 80 F.3d 954, 959-60 (4th Cir. 1996).

2

of the evidence put forth by the Plaintiff) shows that a transaction occurred whereby the Plaintiff improperly withdrew money from her account before that money could be applied to her overdrawn balance. Moreover, the evidence put forth by the Defendant indicates: that the Plaintiff improperly instructed one of her subordinates to manually override error messages so that she could withdraw the aforementioned funds; that the Plaintiff took action to prevent future paychecks from being applied to her overdraft by discontinuing the direct deposit of her paycheck; and that the Plaintiff misled investigators when questioned about these activities. In addition to the foregoing, the Magistrate Judge noted that the Plaintiff failed to present any evidence whatsoever to show a discriminatory animus on the part of the Defendant, or that other employees who are not members of her protected class were treated more favorably. For all of these reasons, the Magistrate Judge determined that the Plaintiff failed to establish a prima facie claim with respect to her discrimination claim.

In addition to addressing the Plaintiff's federal claims, the Magistrate Judge also addressed the Plaintiff's state law defamation claim, determining that the Plaintiff failed to present any evidence to show an unprivileged and defamatory communication to a third party. As a result, the Magistrate Judge recommended that the Court grant summary judgment in favor of the Defendant on this claim.



The Plaintiff filed timely objections to the R&R, and the Defendant filed a response to the Plaintiff's objections. The Court has thoroughly reviewed the Plaintiff's objections and finds them to be wholly without merit. First, the Court agrees with the Magistrate Judge that the Defendant presented ample evidence to support its motion and to show that the Plaintiff could not establish a prima facie claim of discrimination. In other words, the

Court disagrees with the Plaintiff that the Defendant needed to provide additional disciplinary write-ups or affidavits to establish that no genuine issue of material fact exists with respect to the Plaintiff's claims. In addition, the Court agrees with the Magistrate Judge that the Defendant presented sufficient evidence–evidence that the Plaintiff failed to rebut–to show that the Plaintiff violated the Defendant's Code of Ethics by misappropriating funds and by using her position for financial gain. Next, the Court finds no error in the Magistrate Judge's failure to apply a "mixed-motive" analysis under the circumstances of this case. Finally, the Court finds the Plaintiff's objection to her failure to promote claim to be nothing more than the rehashing of arguments previously presented to and properly rejected by the Magistrate Judge. The Plaintiff failed to object to the Magistrate Judge's analysis of the Plaintiff's defamation claim, and after review, the Court finds no clear error in the Magistrate Judge's analysis.

After a thorough review of the record, the Court wholly agrees with the Magistrate Judge's analysis and finds that the Plaintiff's objections have no merit. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 52) is incorporated herein and adopted; the Plaintiff's motion for summary judgment (Entry 34) is denied; the Defendant's motion for summary judgment (Entry 37) is granted; the Plaintiff's objections (Entry 54) are overruled; and this matter is ended.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 5, 2012
Charleston, South Carolina